BEGENISH v. GATES et al.

(Third Division.  Fairbanks.  September 1, 1905.)

No. 368.

1. TRIAL—QUESTIONS FOR JURY.

To entitle the plaintiff's cause to go to the jury, he must have established every material part thereof by his evidence, and his evidence and the law must correspondingly show a prima facie legal right to judgment in his favor.

2. SAME—DIRECTING VERDICT.

Where the plaintiff's evidence fails to make a prima facie case, or if it shall disclose facts which destroy his right of recovery, the judge should direct a verdict for defendant.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial, § 383.]

3. MASTER AND SERVANT—CONTRIBUTORY NEGLIGENCE—PERSONAL INJURIES.

Plaintiff was employed in defendants' mine to manage the bucket in hoisting gravel.  The bucket was raised from the bottom of the shaft, where plaintiff was stationed, by a wire cable, which ran through an iron sheave around an iron wheel. The cable would frequently jump off the wheel when the sheave was lowered too far, and when drawn up would squeeze between the wheel and the iron side of the sheave, and clog.  Plaintiff notified the foreman of the defect, but continued to work the apparatus.  He could have rung the bell placed there for that purpose, and stopped the engine while he fixed the rope, but instead caught the rapidly running rope with his hands to throw it into place, when his hand was caught, dragged into the sheave, and his fingers cut off.  *Held*, that he was guilty of contributory negligence, and could not recover damages.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, §§ 706–709.]

4. SAME—CONTRIBUTORY NEGLIGENCE—METHODS OF WORK.

The rule is well settled that where there are two methods by which a service may be performed, one perilous and the other safe, an employé who voluntarily chooses the perilous rather than the safe one cannot recover for an injury thereby sustained.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, § 745.]

Suit for Personal Injuries.

Plaintiff was employed as a laborer in defendants' mine. At the time of the accident his duty was to look after the bucket hoist loaded with gravel. When it was lowered into the mine and the ropes loosened the sheave lay on its side, and the wire hoist rope would drop off the wheel. When the engine on top began to hoist, the rope would crowd between the wheel and the side of the sheave, and clog. To prevent this, and to adjust it on the pulley, plaintiff would take hold of the rope when in rapid motion through the sheave, and guide it onto the wheel. He informed the foreman that it was defective and dangerous, but continued to do the work. He knew of the defect, saw it, and fully realized the danger. His hand was drawn into the sheave by the rapidly running rope, and his fingers cut off. The evidence also disclosed that there was a method of adjusting the rope by pulling a signal for the engine to stop, and then placing the rope on the pulley. The bell cord was near the plaintiff, and he knew that it was to be used for that purpose. He brought this suit for $50,000 damages. After plaintiff's evidence was closed, defendants moved that the court instruct the jury to return a verdict for the defendants because upon the testimony of the plaintiff it appeared that his injury was caused by his own voluntary contributory negligence.

Miller & De Journal, for plaintiff.

McGinn & Sullivan, for Gates.

Condon, Hess & Brown, for Turner.


WICKERSHAM, District Judge. To entitle the plaintiff's cause to go to the jury, he must have established every material part thereof by his evidence, and his evidence and the law must correspondingly show a prima facie legal right to judgment in his favor. Gibson v. Canadian Pac. Nav. Co., 1 Alaska, 407, 414.

The Supreme Court of the United States, in the case of Patton v. Texas Ry. Co., 179 U. S. 658, 21 Sup. Ct. 275, 45 L. Ed. 361, lays down the general rule for the guidance of the trial judge in this class of cases in the following language:

"That there are times when it is proper for a court to direct a verdict is clear. It is well settled that the court may withdraw a case from them altogether, and direct a verdict for the plaintiff or the defendant, as the one or the other may be proper, where the evidence is undisputed, or is of such a conclusive character that the court, in the exercise of a sound judicial discretion, would be compelled to set aside a verdict returned in opposition to it. * * * It is undoubtedly true that cases are not to be lightly taken from the jury, that jurors are the recognized triors of questions of fact, and that ordinarily negligence is so far a question of fact as to be properly submitted to and determined by them. Hence it is that seldom an appellate court reverses the action of a trial court in declining to give a peremptory instruction, one way or the other. At the same time, the judge is primarily responsible for the just outcome of the trial. He is not a mere moderator of a town meeting, submitting questions to the jury for determination, or simply ruling on the admissibility of testimony, but one who in our jurisprudence stands charged with full responsibility. He has the same opportunity that jurors have for seeing the witnesses, and noting all those matters in a trial not capable of record, and when in his deliberate opinion there is no excuse for a verdict save in favor of one party, and he so rules by instructions to that effect, an appellate court will pay large respect to his judgment."

The defendants' motion to instruct the jury to return a verdict in their favor is in the nature of a demurrer to the evidence. The evidence is undisputed. Its truth is conceded, but defendants say it is insufficient to justify the court and jury to render any verdict for the plaintiff; it does not make a prima facie case which the defendants are required to rebut by evidence. The rule is that, if the plaintiff's evidence fails to make a prima facie case, or if it shall disclose a state of facts which destroys his right of recovery, he is not entitled to have the cause submitted to the jury; for if the jury should decide such a cause in his favor, it would be the duty of the court to set the verdict aside and grant a new trial. It is the duty of

the judge to determine on this motion to instruct whether the plaintiff has made a case which should go to the jury.

The undisputed evidence is that the plaintiff was injured by defendants' machinery while engaged in defendants' mine as their employé or servant, and the sole question urged on this motion is that plaintiff by his testimony shows that his injury resulted from his own contributory negligence.

The case of Patton v. Texas Ry. Co., supra, was a suit for personal injury, and the Supreme Court there laid down the rule governing employer and employé in cases of this kind:

"Neither individuals nor corporations are bound, as employers, to insure the absolute safety of machinery or mechanical appliances which they provide for the use of their employés. Nor are they bound to supply the best or newest of those appliances for the purpose of securing the safety of those who are thus employed. They are, however, bound to use all reasonable care and prudence for the safety of those in their service, by providing them with machinery reasonably safe and suitable for the use of the latter. If the employer or master fails in this duty of precaution and care, he is responsible for any injury which may happen through a defect of machinery which was, or ought to have been, known to him, and was unknown to the employé or servant."

In the case at bar, however, it was not shown that the master had notice of the defect in the working of this sheave and wire rope, except as plaintiff's testimony showed that he had notified one of the foremen of that fact. But he admitted that he had full notice of the defect. It was a patent defect—one seen by him—and its danger well recognized, though in spite of his knowledge he carelessly and recklessly caught the rapidly running rope, and the result which he foresaw and feared happened—he was injured.

Counsel for plaintiff, however, cites and relies upon the rule recognized in Hough v. Railroad Co., 100 U. S. 213, 25 L. Ed. 612, that where an employé notifies his employer that there is a defect in the machinery, and it is promised that the defect shall be repaired, then the employé may rely upon this promise,

and if he is injured by the defect may recover notwithstanding his knowledge. That case, however, does not go so far as to establish the rule that because the employé points out the defect he may thereafter refrain from any care in respect to it.

In the case of District of Columbia v. McElligott, 117 U. S. 621, 6 Sup. Ct. 884, 29 L. Ed. 946, the Supreme Court considered the case of Hough v. Railroad Co., supra, and applied the rule which must govern the disposition of the case at bar. McElligott was employed by the District of Columbia in excavating gravel from a bank, and he discovered that he was working in an unsafe place, and so notified the foreman. The foreman promised to procure some one to watch the bank, and notify him and other laborers when it should appear to be dangerous. He continued to work, well knowing the danger, and was hurt by the caving bank. In passing upon the question of his contributory negligence, the Supreme Court considered the case of Hough v. Railroad Co., and Mr. Justice Harlan in the court's opinion distinguished between that case and the one at bar, and said:

"These principles were not applied in the trial of the case now before us; for, in effect, the jury were instructed, that, in determining the question of contributory negligence, they need only inquire whether plaintiff continued at his work longer than was reasonably sufficient to enable Smallwood to provide some one to watch the bank. If that question was solved in favor of the plaintiff, then they were at liberty, under the charge, to find that he was not guilty of contributory negligence, although they may have believed from the evidence that no man of ordinary prudence would have entered upon and continued in the work for any time, however brief, without some one being appointed to watch the bank; in other words, that if the plaintiff in fact relied upon the alleged promise of Smallwood, he was not chargeable with contributory negligence, although the jury may have believed that, under all the circumstances, he so acted as to show himself utterly careless of his safety. But such is not a sound exposition of the principles which regulate the rights and obligations of employers and employés. Assuming that the district might be responsible under some circumstances for injuries resulting from the negligence of its supervisor, it certainly would not be liable if the danger which the plaintiff apprehended from the be-

ginning was so imminent or manifest as to prevent a reasonably prudent man from risking it upon a promise or assurance by the proper authority that the cause from which the peril arose would be removed. The plaintiff had had experience in the kind of business in which he was engaged at the time of his injury. He recognized from the beginning the peril to which he was exposed while working at the gravel bank. There was no express undertaking upon the part of the district, by its supervisor, that it would save him harmless as to any injury he might suffer prior to the designation of some one to watch the bank, and it was not implied in the contract between him and the district that he might needlessly or rashly expose himself to danger. On the contrary, if liability might come upon the district for the negligence of its officers controlling his services, he was under an obligation to exercise due care in protecting himself from personal harm while discharging duties out of which such liability might arise. If he failed to exercise such care, if he exposed himself to dangers that were so threatening or obvious as likely to cause injury at any moment, he would, notwithstanding any promise or assurances of the district supervisor of the character alleged, be guilty of such contributory negligence as would defeat his claim for injuries so received."

That rule clearly controls the case at bar. The danger to which plaintiff was exposed was apparent and manifest; he saw and appreciated the danger; he notified the foreman of its existence, and foresaw his injury when he took hold of the rapidly running rope. It was not a hidden defect or danger; it was so patent and so threatening that no prudent or careful person would have ventured. Instead of using the bell rope for the purpose of stopping the engine that the rope might be replaced on the pulley, as he knew he could and should, he took hold of the dangerous machinery while in rapid motion, and, as he foresaw, was injured.

The rule announced in Hoffman v. Am. Foundry Co., 18 Wash. 287, 292, 51 Pac. 385, 387, is applicable:

"The rule is well settled that where there are two methods by which a service may be performed, one perilous and the other safe, an employé who voluntarily chooses the perilous rather than the safe one cannot recover for an injury thereby sustained"—citing Bailey, Master's Liability for Injuries to Servant, p. 161.

In the case at bar there were two methods of replacing the wire rope on the pulley, both known and open to the plaintiff. The safe way was to ring the bell and stop the engine, and the perilous way was to seize it with his hands while in rapid motion, and attempt to guide it into place. Plaintiff voluntarily chose the hazardous way, and was injured.

An employé should not recklessly and unnecessarily thrust himself into danger when it is patent to his sight and understanding. When he does so, he assumes the hazard. In the case at bar the plaintiff acted recklessly of the apparent danger, without care for his own person, and so far beyond that ordinary care which a prudent person under like circumstances would have acted that he must fairly be charged with contributing to, if not entirely and recklessly responsible for, the injury received.

That being the judgment of the court upon the undisputed evidence of this case, the court must instruct the jury to return a verdict for the defendants. Verdict accordingly.